Cory A. Talbot, *Pro Hac Vice Admitted*
HOLLAND & HART LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101-2194
Tel: 801.799.5800
CATalbot@hollandhart.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

SG EQUITY MGMT LLC, a Nevada limited liability company; SG EQUITY PARTNERS, LLC, d/b/a SOFTWARE GRO,

Plaintiffs,

v.

FUNNELBEAM, a California corporation; and RAFAT ALVI, an individual,

Defendants.

**Case No. 2:25-CV-02273-MMD-NJK**

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS [ECF NO. 23]**

Having considered the Application for Entry of Default Judgment against Defendants Funnelbeam and Rafat Alvi (the "Application") [ECF No. 23], the evidence submitted with the Application, and the testimony of Sumit Garg at the November 3, 2026 hearing, the argument presented at that hearing, and good cause appearing, the Court grants the Application as follows:

1. **Service**. Plaintiffs SG Equity MGMT LLC and SG Equity Partners, LLC d/b/a Software Gro (collectively, "SGE") filed their Complaint on December 2, 2025, and caused the summons and Complaint to be personally served on defendants Funnelbeam and Rafat Alvi (together, "Defendants") on December 9, 2025. *See* ECF Nos. 17, 18. The Court finds that Defendants were properly served with process and have failed to plead or otherwise defend in this action.

2. **Entry of Default**. The Clerk of Court entered default against Defendants on January 29, 2026. *See* ECF No. 20.

3. **Procedural Requirements and the *Eitel* Factors**. Plaintiffs have satisfied the procedural requirements for entry of default judgment under Rule 55 of the Federal Rules of



HOLLAND & HART LLP
222 S. MAIN STREET, SUITE 2200
SALT LAKE CITY, UT 84101-2194

HOLLAND & HART LLP
222 S. MAIN STREET, SUITE 2200
SALT LAKE CITY, UT 84101-2194

Civil Procedure. After the Clerk entered default under Rule 55(a), SGE applied to the Court for default judgment under Rule 55(b)(2), supported by the Declaration of Sumit Garg and the Declaration of Joseph G. Went, Esq. Upon default, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). In exercising its discretion to enter default judgment, the Court considers: (1) the possibility of prejudice to the plaintiffs; (2) the merits of the plaintiffs' substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). As set forth below, the *Eitel* factors weigh in favor of entry of default judgment.

(a) Prejudice to Plaintiffs. Defendants failed to appear or defend, and absent default judgment, SGE would have no recourse for recovery. *See Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014). This factor favors default judgment.

(b) Merits of the Claims and Sufficiency of the Complaint. The Complaint, taken as true and supported by the Declaration of Sumit Garg, states a *prima facie* case for each of SGE's claims. As to breach of contract, SGE alleges a valid contract (the April 23, 2025 Letter of Intent), its own performance, Funnelbeam's material breach by failing to operate in the ordinary course and misrepresenting its customer base and contracted annual recurring revenue, and resulting damages. *See Walker v. State Farm Mut. Auto. Ins. Co.*, 259 F. Supp. 3d 1139, 1145 (D. Nev. 2017). As to breach of the implied covenant of good faith and fair dealing, Defendants acted unfaithfully to the purpose of the Letter of Intent and denied SGE's justified expectation of consummating the Funnelbeam Transaction.[1] *See Dinkins v. Schinzel*, 362 F. Supp. 3d 916, 927–28 (D. Nev. 2019). As to fraud, Defendants knowingly misrepresented or omitted material facts regarding

[1] Unless otherwise noted, the Court adopts the defined terms from the Application.

HOLLAND & HART LLP
222 S. MAIN STREET, SUITE 2200
SALT LAKE CITY, UT 84101-2194

Funnelbeam's customers, revenue, and churn, including through fabricated email accounts and domain names and Alvi's impersonation of purported customer employees, to induce SGE's reliance, and SGE justifiably relied to its detriment. *See Nev. Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1413 (D. Nev. 1995). The second and third factors favor default judgment.

(c) Sum of Money at Stake. Although the sum at stake is substantial, it is proportional to the seriousness of Defendants' conduct and to the Funnelbeam Transaction, which carried an Enterprise Value of $32,000,000, and is supported by the evidence submitted. *See Curtis*, 33 F. Supp. 3d at 1212. This factor favors default judgment.

(d) Possibility of Dispute Concerning Material Facts. SGE's well-pleaded allegations are presumed true and are supported by declaration and documentary evidence, and Defendants have made no attempt to challenge them. No genuine dispute of material fact precludes default judgment. This factor favors default judgment.

(e) Excusable Neglect. Defendants were properly served and ignored both the Complaint and Plaintiffs' pre-suit efforts to resolve the dispute, including the July 24, 2025 Notice of Fraud and Settlement. Nothing in the record suggests excusable neglect. This factor favors default judgment.

(f) Policy Favoring Decisions on the Merits. Although this policy generally disfavors default judgment, it is not dispositive, and Defendants' refusal to participate makes a decision on the merits impossible. *See* Fed. R. Civ. P. 55(b). On balance, the *Eitel* factors weigh decisively in favor of entry of default judgment.

4. **Damages Requested in the Application**. The Court awards SGE damages in the principal amount of **$10,331,079.52**, consisting of: (a) $51,373.52 in fees paid to T4 Labs, Inc.; (b) $14,556 in fees paid to Baker Tilly Advisory Group, LP; (c) $16,150 in fees paid to Crosslake Technologies, LLC; (d) $25,000 for time spent by SGE's employees and contractors conducting due diligence and preparing the Investment Memo; (e) $640,000 in the lost

Transaction Fee; (f) $24,000 in lost Equity Issuance Fee; and (g) $9,560,000 in lost opportunities, consisting of $2,560,000 in lost future transaction fees and $7,000,000 in lost future management fees.

5. **Attorney's Fees and Costs**. Plaintiffs are entitled to recover their reasonable attorney's fees and costs. The Court awards Plaintiffs costs in the amount of $1,314.70 pursuant to Fed. R. Civ. P. 54(d)(1). Plaintiffs shall file any motion for attorney's fees in accordance with Fed. R. Civ. P. 54(d)(2) and LR 54-14.

6. **Judgment**. SGE shall submit a proposed form of Judgment in favor of SGE and (1) against Funnelbeam as to the claims for breach of contract and breach of the implied covenant of good faith and fair dealing in the total principal amount of $771,079.52, plus costs of $1,314.70, attorney's fees in an amount to be determined, and post-judgment interest at the legal rate pursuant to 28 U.S.C. § 1961 and (2) against Funnelbeam and Alvi, jointly and severally, on the fraud claim in the total principal amount of $10,331,079.52, plus costs of $1,314.70, attorney's fees in an amount to be determined, and post-judgment interest at the legal rate pursuant to 28 U.S.C. § 1961.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

DATED: November 20, 2026

Respectfully submitted by:

DATED November 19, 2026

HOLLAND & HART LLP

/s/ Cory A. Talbot

Cory A. Talbot
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101-2194
*Attorneys for Plaintiffs*

40116366_v2

HOLLAND & HART LLP
222 S. MAIN STREET, SUITE 2200
SALT LAKE CITY, UT 84101-2194